## DECISIONS AND OPINIONS DISTINGUISHED.

Common Pleas Court of Hamilton County.

### THE COLERAIN BUILDING & LOAN COMPANY V. WILLIAM H. HOSEA ET AL.

Decided, August 1, 1912.

*New Trial—Time for Filing Motion for—Runs from the Decision in the Case—Not Necessarily from Announcement of the Opinion of the Court—Section 11578.*

Whether the remarks of a court at the end of a case—oral or in writing —are its decision, should be stated by the court—if these remarks are merely the court's opinion, as the basis of a finding, they are not the court's decision and no entry is necessary. But if such remarks are intended as a decision under the code, the court should say so and cause immediately an entry to that affect to be made of record, so that counsel may thus be advised definitely that time has begun to run.

*Bates & Meyer,* for the motion.
*George W. Harding,* contra.

DICKSON, J.

A decision in this case was entered June 6th, 1912. On June 8th, 1912, a motion for a new trial was filed. The opinion of the court was rendered some time prior to June 1st. Application has been made to strike the motion for a new trial from the files because ''the same is irregular and contrary to law in that it was filed more than three days after the oral pronouncement or decision of the court in this case.''

Section 11578 of the General Code provides:

''The application for a new trial must be at the term the verdict, report or decision is rendered, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence discover and produce at the trial. The application must be made within three days after the verdict or decision is rendered unless he is unavoidably prevented from filing it within such time.''

Under the code the decision of a court corresponds to the verdict of a jury. From such there follows a judgment, and the time begins to run from the rendition of the verdict or the decision, and the motion for a new trial is between the two.

Are the verdict of a jury and the decision of a court the same? And what is meant by the opinion of the court, and must the opinion be oral or written?

Section 11455 of the General Code provides that the verdict must be reduced to writing and signed by the foreman, and is noted on the record and is filed with the papers. The opinion of a court may be oral or written. Hence there can be no requirement that it be signed, that it be filed or entered. If the decision of a court rise to the dignity of the verdict of a jury, it too should be in writing and signed by the court, and be noted on the record.

It is all wrong to consider the opinion of a court its decision. It has usually no mark of identification as to time or authority. If an opinion of a court be intended to be its decision the court at the time of giving the same should so state and an entry on the record of the court indicative thereof should be then made— something tangible to warn counsel that time has begun to run.

In the case of *The City of Cincinnati* v. *John Kilgour*, 13 C.C. (N.S.), 415, in the absence of any notice to the contrary, the circuit court held that that oral decision was considered the decision contemplated by the code. But such is not this case.

In the case at bar the concluding words of the written opinion are—''The decree will be accordingly.'' The record here contains no mention of the opinion. There is nothing of record upon which to found a motion for a new trial. There is no record of the time when the opinion was rendered. The member of this court which rendered the opinion in this case renders this opinion and knows that his opinion was not the decision contemplated by him and the code, and so stated when he said in the opinion, ''The decree will be accordingly.''

Much is often in an opinion as an obiter—not intended to be a part of the record. Often in an opinion the court gives a litigant an option to be exercised by him—as for example, in

alimony—so much per month for so long, or so much in gross now. Such an opinion is not the decision. The decision is made after the option is exercised or refused to be exercised.

Under the code as worded the only course just to all is for the court to state whether what has been said by it is an opinion as a guide to a decision or a decision. If it be a decision let it be noted by endorsement by the judge and noted on the record, and let it thus become the duty of counsel to insist upon such action by the court at the time. The various steps in procedure should not be uncertain.

The motion to strike from the files will be overruled.